|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| ADRIAN LLOYD, | Case No. 1:23-cv-00844-EPG (PC) |
|---|---|
| Plaintiff, | SCREENING ORDER |
| v. | ORDER ALLOWING PLAINTIFF'S FIRST AMENDED COMPLAINT TO PROCEED ON HIS FIRST AMENDMENT RETALIATION CLAIM AND HIS EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANT OCHOA |
| OCHOA, |  |
| Defendant. |  |
|  | (ECF NO. 11) |

Plaintiff Adrian Lloyd is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. In his complaint filed on June 2, 2024, Plaintiff alleged that correctional officer Ochoa violated his Eighth Amendment rights when Ochoa harassed Plaintiff by making derogatory statements, ramming his cart into Plaintiff's cell, and calling Plaintiff a "snitch" in front of other inmates. (*See generally* ECF No. 1).

The Court screened Plaintiff's complaint on March 1, 2024 and issued a screening order. (ECF No. 9). The Court found that Plaintiff stated a cognizable Eighth Amendment claim and granted Plaintiff leave to amend, if Plaintiff believed alleging additional facts would establish a First Amendment retaliation claim or an Eighth Amendment failure to protect claim. (*Id.* at 7).

Plaintiff filed First Amended Complaint (FAC) on March 28, 2024 (ECF No. 11), which is before this Court for screening. Plaintiff now alleges that correctional officer Ochoa violated his First and Eighth Amendment rights when Ochoa harassed Plaintiff by making derogatory statements, ramming his cart into Plaintiff's cell, and calling Plaintiff a "snitch" in front of other inmates in retaliation for Plaintiff settling a civil rights suit against other correctional officers. (*See generally* ECF No. 11).

The Court has reviewed Plaintiff's FAC, and for the reasons described below, the Court finds that Plaintiff's First Amendment retaliation and Eighth Amendment claims against Defendant Ochoa should proceed past screening.

As the Court has found that all of Plaintiff's claims in his FAC should proceed past screening, the Court will, in due course, issue an order authorizing service of process on Defendant Ochoa.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.  SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff names Ochoa, a correctional officer at Kern Valley State Prison (KVSP), as the sole defendant. (ECF No. 1 at 2). Ochoa is sued in his individual capacity. (*Id.* at 9). Plaintiff alleges a First Amendment retaliation claim and an Eighth Amendment claim (*id.* at 3, 9) based on the following allegations:

In 2021, Ochoa angrily told Plaintiff "You ain't nobody!" (*Id.* at 3). In March and May of 2022, Ochoa intentionally rammed a cart into Plaintiff's cell door. (*Id.*) When Plaintiff questioned Ochoa about his second intentional door ramming incident, in May of 2022, Ochoa very angrily shouted to Plaintiff "You piece of shit!" (*Id.* at 3, 9). Plaintiff's cellmate at the time, Michael Lark, witnessed all these incidents and heard the shouting. (*Id.* at 9, 10). Defendant's actions subjected Plaintiff to constant fear, mental anguish, and emotional distress. (*Id.* at 9).

In January of 2022, Plaintiff settled a civil rights lawsuit against two correctional officers, Bolanos and Thorstenson. (*Id.* at 9.) Plaintiff enclosed an excerpt from his pleadings from that lawsuit, *Lloyd v. Bolanos, et al.*, 2:19-cv-10663-JLS-AS (C.D. Cal.), which shows that he sued these officers for using excessive force and failure to protect in violation of his Eighth Amendment rights. (*Id.* at 12). Plaintiff also draws the Court's attention (*id.* at 9) to the findings of Incident Commander's Review of Use of Force incident filed in that case:

1) staff's actions during the use of force incident were not in compliance with the Use of Force Policy, procedure, and training;
2) the totality of the circumstances did not require immediate force to be utilized; and
3) the force was not reasonable and necessary based on no imminent threat existing.

(*Id.* at 13). Within weeks after settling this lawsuit, Ochoa called Plaintiff a snitch in the presence of other inmates. (*Id.* at 9). Plaintiff alleges the timing of the statement was not coincidental and that it was made in retaliation and with deliberate indifference to Plaintiff's safety. (*Id.*) Plaintiff reiterates that Ochoa's actions subjected him to constant fear, mental, and emotional stress. (*Id.* at 11). At no point before, during, or after these incidents was Plaintiff being disruptive. (*Id.*)

3

Plaintiff seeks punitive and compensatory damages of $50,000 each. (*Id.* at 5).

## III.   ANALYSIS OF PLAINTIFF'S CLAIMS

### A.   Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*,

637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676–77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. Eighth Amendment

Under the Eighth Amendment, a prisoner has the right to be free from cruel and unusual punishment, including physical abuse by prison guards. Whenever prison officials stand accused of using excessive physical force, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian,* 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers,* 475 U.S. 312, 317 (1986)). Whether the alleged wrongdoing is objectively "harmful enough" to establish a constitutional violation is contextual and responsive to contemporary standards of decency. *Hudson*, 503 U.S. at 8 (citing *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976)). However, "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a "'push or shove'" that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010) (internal citations and quotations omitted).

Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a cause of action). However, verbal harassment may violate the constitution when it is "'unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v.*

5

*Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting *Keenan*, 83 F.3d 1083 at 1092).

Additionally, the Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). A prison official violates this duty when two requirements are met. *Id.* at 834. First, objectively viewed, the prison official's act or omission must cause "a substantial risk of serious harm." *Id.* Second, the official must be subjectively aware of that risk and act with "deliberate indifference to inmate health or safety." *Id.* at 834, 839–40. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The Ninth Circuit has held that deliberately spreading a rumor that a prisoner is a "snitch" may state claim for violation of right to be protected from violence while in custody. *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989).

With these standards in mind, given that Plaintiff's allegations include both verbal and physical harassment and allege that Defendant Ochoa called Plaintiff a "snitch" in front of other inmates, the Court finds that Plaintiff's allegations are sufficient for his Eighth Amendment claim to proceed past the screening stage.

**C.  First Amendment Retaliation**

A plaintiff may state a section 1983 claim for a violation of his First Amendment rights due to retaliation. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted); *accord Watson v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). Protected activities include filing grievances, *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003), and "pursu[ing] civil rights litigation in the courts," *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995).

6

A retaliatory motive may be shown by the timing of the allegedly retaliatory act or other circumstantial evidence, as well as direct evidence. *Ylst*, 351 F.3d at 1288–89; *McCollum v. CDCR*, 647 F.3d 870, 882 (9th Cir. 2011). Mere speculation that a defendant acted out of retaliation is not sufficient. *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) (citing cases).

Labeling an inmate a "snitch" in response to his filing of grievances in order to subject him to retaliation by fellow inmates can state a cognizable First Amendment retaliation claim. *Mitchell v. Baeza*, No. 1:20-CV-00857-NODJ-HBK PC, 2023 WL 8878597, at *8 (E.D. Cal. Dec. 22, 2023) (citing *Valandingham*, 866 F.2d at 1138, and S*utton v. Wash. State Dep't of Corr.*, 2015 WL 4748233, at *7 (E.D. Wash. Aug. 11, 2015) ("It is well established that being revealed as a snitch may be sufficient to [establish a substantial risk of serious harm].")); *see also Arredondo v. Drager*, No. 14-CV-04687-HSG, 2016 WL 3755958, at *17 (N.D. Cal. July 14, 2016) (allowing the case to proceed past summary judgment on claims that a correctional officer referred to plaintiff as "a debriefer" in retaliation for plaintiff's litigation and grievance activity, in violation of the First Amendment and with deliberate indifference to plaintiff's safety, in violation of the Eighth Amendment).

The Court finds that Plaintiff's First Amendment retaliation claim against Ochoa should proceed past screening. Liberally construing Plaintiff's allegations, Plaintiff has adequately alleged that Ochoa took adverse actions against him, including calling him "a snitch," because Plaintiff engaged in protected conduct of pursing—and prevailing on—civil rights litigation in federal court, without legitimate penological purpose.

## IV.   CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that Plaintiff's First Amendment retaliation and Eighth Amendment claims against Defendant Ochoa should proceed past screening. As the Court has found that all of Plaintiff's claims should proceed past screening, the Court will, in due course, issue an order authorizing service of process on Defendant Ochoa.

IT IS SO ORDERED.

Dated:   **March 29, 2024**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE