UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JUAN LLOYD,<br><br>    Plaintiff,<br><br>v.<br><br>OCHOA,<br><br>    Defendant. | Case No. 1:23-cv-00844-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO RESCIND THE SETTLEMENT AGREEMENT BE DENIED<br><br>(ECF Nos. 33 and 34)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

    Before the Court is Plaintiff's motion to rescind the settlement agreement the parties entered into following a Court-mediated settlement conference on December 12, 2024. On December 19, 2024, Plaintiff filed two separate filings both named "Notice Rejecting December 12, 2024 Settlement Agreement and Demand for Jury Trial." (ECF Nos. 33 and 34). The Court construes Plaintiff's filings as a motion to rescind the settlement agreement.

    Upon review, the Court recommends that Plaintiff's motion to rescind the settlement agreement be denied.

**I.    PROCEDURAL HISTORY**

    Plaintiff filed his initial complaint on June 2, 2023. (ECF No. 1). On March 28, 2024, Plaintiff filed a First Amended Complaint. (ECF No. 11). The parties were directed to participate in a settlement conference. (ECF No. 24).

    On December 12, 2024, the parties participated in a settlement conference before Magistrate Judge Helena Barch-Kuchta. The parties reached an agreement at the settlement

1

conference, and the settlement terms were placed on the record. (ECF No. 32). Plaintiff appeared at the settlement conference *pro se*, and Defendant Ochoa was represented by Deputy Attorney General John Nam (Defendant's Counsel). At the settlement conference, Defendant's Counsel read the following terms of the settlement[1] into the record:

> The parties have agreed to resolve this matter in its entirety. The settlement resolves all claims that were raised or could have been raised concerning the allegations in the lawsuit and any amendments against defendant . . . whether named or unnamed and whether served or unserved and any past or current employees of CDCR. Plaintiff waives application of Civil Code section 1542. This agreement will also resolve any rights on appeal.
>
> Defendant has denied plaintiff's allegations, and nothing about the settlement may be construed as an admission of liability.
>
> Defendant agrees to pay plaintiff the total sum of $900. In return, plaintiff agrees to dismiss this case with prejudice, sign a settlement agreement and release and a payee data record form, which are material terms of the settlement.
>
> Parties shall bear their own costs and attorneys' fees. This is also a material term of the settlement.
>
> Any settlement proceeds will be reduced by deductions to cover administrative fees and any outstanding restitution balances and any other fees or costs owed by plaintiff. No representations are made concerning the amount of restitution owed.
>
> Payment can take up to 180 days. This 180-day time period will begin when plaintiff completes all necessary paperwork, which includes the settlement agreement, stipulation for voluntary dismissal with prejudice and payee data record and sends that paperwork to defendant.
>
> Defendant has this paperwork available today for Plaintiff to complete, although he may take it with him to review if he wishes. However, refusal to sign the settlement . . . paperwork is not a reason to later rescind the settlement once we are concluded here today.
>
> The stipulation for voluntary dismissal with prejudice will be filed within 30 days. All other deadlines will be vacated.

(ECF No. 42 at 4:21-6:6).

---

[1] For the sake of readability, the formatting and indentation of the terms of the agreement are copied using the format used in the transcript of the settlement conference on December 12, 2024. (*See* ECF No. 42).

1   After the terms were read into the record, the judge presiding over the settlement
2   conference inquired: "Mr. Lloyd, does that accurately reflect the agreement that we reached
3   today with the Deputy Attorney General on behalf of the defendant?" (ECF No. 42 at 6:9-11).
4   Plaintiff asked a question about the attorney's fees provision (*id*. at 6:12-23), and then
5   responded, "But everything is agreed to? Okay." (*Id.* at 6:24). The Court retained jurisdiction
6   for purposes of enforcing the settlement agreement. (*Id*. at 7:1-3).

7   On December 19, 2024, Plaintiff filed two separate documents where he states he "is
8   officially rejecting" the settlement agreement (ECF No. 34), and he states that he will not sign
9   for or accept documents from the settlement conference. (ECF Nos. 33 and 34.) Plaintiff did
10  not provide any reason or grounds upon which to rescind the settlement agreement in either of
11  the two filings on December 19, 2024.

12  On January 10, 2025, Defendant filed an opposition to Plaintiff's motion to rescind the
13  settlement agreement. (ECF No. 39). Defendant argues that Plaintiff has provided no basis for
14  his request to rescind the agreement, and Plaintiff was advised in court that refusal to sign the
15  paperwork is not a reason to rescind the agreement.

16  On January 21, 2025, Plaintiff filed a reply. (ECF No. 41). Plaintiff contends the Court
17  "didn't take into consideration" his request for "punitive and compensatory damages." (*Id.* at
18  1:16-19). Plaintiff also contends he was informed that he had not "exhausted the retaliation
19  claim" (*id.* at 1:20-22) and now wishes to proceed to jury trial. Plaintiff also provides he is
20  "open for another settlement conference." (*Id*. at 2:17-18).

21  **II.     LEGAL STANDARDS**

22  "The interpretation of a settlement agreement is governed by principles of state contract
23  law. This is so even where a federal cause of action is 'settled' or 'released.'" *Botefur v. City of*
24  *Eagle Point, Or.*, 7 F.3d 152, 156 (9th Cir. 1993) (citations omitted); *see also Wilcox v. Arpaio*,
25  753 F.3d 872, 876 (9th Cir. 2014) (state contract law governs whether parties reached an
26  enforceable settlement agreement); *Ashker v. Newsom*, 81 F.4th 863, 875 (9th Cir. 2023) ("In
27  California, contract law applies to settlement agreements."). Thus, California contract law
28  applies to Plaintiff's motion for recission of the settlement agreement.

California law provides that an oral contract can be a valid contract. *See* Cal. Civ. Code § 1622 ("All contracts may be oral, except such as are specifically required by statute to be in writing."); *VACC, Inc. v. Davis*, 823 F.App'x 474, 476 ("California permits an oral agreement to give rise to a binding contract."). Further, "[t]he elements of a breach of oral contract claim are the same as those for a breach of written contract: [1] a contract; [2] its performance or excuse for nonperformance; [3] breach; and [4] damages." *Stockton Mortgage, Inc. v. Tope*, 233 Cal.App.4th 437, 453 (2014). Additionally, California has a "[s]trong public policy in favor of the settlement of civil cases . . . ." *Osumi v. Sutton,* 151 Cal.App.4th 1355, 1357 (2007).

Furthermore, in *Doi v. Halekulani Corp.,* 276 F.3d 1131, 1137-38 (9th Cir. 2002), the Ninth Circuit held that a binding settlement agreement existed even without a written agreement where the parties appeared in open court to announce a settlement, the agreed settlement terms were put on the record, and the plaintiff responded to questioning by the Court that she agreed with the terms. The Court affirmed enforcement of the settlement agreement, stating: "At a time where the resources of the federal judiciary, and this Circuit especially, are strained to the breaking point, we cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits her. The courts spend enough time on the merits of litigation; we need not (and therefore ought not) open the flood gates to this kind of needless satellite litigation." *Id*. at 1141; *see also Elyaoudayan v. Hoffman*, 104 Cal.App.4th 1421, 1431 (2003) ("Having orally agreed to settlement terms before the court, parties may not escape their obligations by refusing to sign a written agreement that conforms to the oral terms. The oral settlement, like any agreement, 'imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.'"); *VACC, Inc.,* 823 F.App'x at 477 (applying California law to find a valid oral settlement agreement existed where the plaintiff agreed to the settlement terms read into the record at the settlement conference and indicated his approval).

\\\

\\\

### III. ANALYSIS

The first issue presented is whether the settlement agreement the parties agreed to on the record at the settlement conference on December 12, 2024, constitutes a valid oral agreement under California law.

"Contract formation requires mutual consent, which cannot exist unless the parties 'agree upon the same thing in the same sense.'" *Bustamante v. Intuit, Inc.*, 141 Cal.App.4th 199, 208 (2006) (quoting Cal. Civ. Code § 1580). Settlement agreements "must be interpreted to give effect to the mutual intent of the parties as it existed at the time, insofar as that intent can be ascertained and is lawful." *Leeman v. Adams Extract & Spice, LLC*, 236 Cal.App.4th 1367, 1374 (2015); *see also Stewart v. Preston Pipeline Inc.*, 134 Cal.App.4th 1565, 1587 (2005) ("Mutual assent to contract is based upon objective and outward manifestations of the parties; a party's 'subjective intent, or subjective consent, therefore is irrelevant.'")

On December 12, 2024, the parties met for a settlement conference where the parties noted their agreement to settle this case. (*See* ECF No. 42.) Defendant's Counsel read the terms of the settlement agreement into the record, which included, among other terms, an agreement for Defendant "to pay Plaintiff the total sum of $900. In return, Plaintiff agrees to dismiss this case with prejudice, sign a settlement agreement and release and a payee data record form, which are material terms of the settlement." (*Id*. at 5:7-10). When asked whether the terms accurately reflected the settlement agreement, Plaintiff asked a question and then replied, "But everything is agreed to? Okay." (ECF No. 42 at 6:24). Further, when Plaintiff was reminded that he needed to fill out the forms to start the 180-day period to receive the money under the settlement terms, Plaintiff responded by saying, "Yeah." (*Id*. at 7:23).

Under both the terms of the settlement agreement and Plaintiff's responses at the settlement conference, Plaintiff and Defendant's Counsel expressed mutual consent to be bound by the terms of the settlement agreement stated in open court. Thus, the settlement agreement is a valid and enforceable agreement.

The Court next turns to whether Plaintiff may rescind the oral agreement made at the December 12, 2024, settlement conference.

"'Rescission' is a 'retroactive termination' of a contract . . . ." *Nmsbpcsldhb v. County of Fresno*, 152 Cal.App.4th 954, 959 (2007). In California, recission of a contract is governed by statute. *See Wong v. Stoler*, 237 Cal.App.4th 1375, 1385 (2015) ("Both the grounds for rescission and the means by which the parties may rescind their contract are governed by statute."). California Civil Code section 1689(b)(1) provides that a party to a contract may rescind the contract if consent to the contract "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party."[2]

In two separate documents filed on December 19, 2024, both titled "Notice Rejecting December 12, 2024 Settlement Agreement and Demand for Jury Trial", Plaintiff did not identify or raise any grounds to rescind the oral settlement agreement. (ECF Nos. 33 and 34.) In his reply, Plaintiff asserts he should be allowed to rescind the agreement because the Court presiding over the settlement conference "didn't take into consideration Plaintiff's request for punitive and compensatory damages" (ECF No. 41 at 1:17-19), and Plaintiff was informed he "hadn't exhausted the retaliation claim." (*Id*. at 1:20-22.)

"[A]rguments raised for the first time in a reply brief are waived." *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010).

Additionally, neither of the reasons stated for the first time in Plaintiff's reply are grounds for rescission. Plaintiff does not assert that his consent to the settlement agreement was given by mistake or obtained through duress, menace, fraud, or undue influence. Specifically, Plaintiff's claim that the judge presiding over the conference gave her opinion that Plaintiff had not exhausted one of his claims does not provide a basis to rescind the agreement. Plaintiff does not allege that his decision to settle was based on a mistake of fact or law. Instead, Plaintiff contends that the mediating judge gave her opinion regarding Plaintiff's chances of succeeding on a claim in his case. While Plaintiff may disagree with that opinion, it does not provide a

---

[2] California Civil Code section 1689(b)(2)-(7) provides additional grounds for rescission not applicable to the present case.

legal basis to rescind the agreement, especially as that judge has no role in the parties' ongoing case.

## IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motion to rescind the December 12, 2024, settlement agreement (ECF Nos. 33 and 34) be denied.
2. Plaintiff be ordered to comply with the terms of the settlement agreement as stated on the record, including signing the written settlement agreement, no later than 30 days after the date of the order.
3. If Plaintiff fails to do so, Defendant may file an appropriate motion seeking enforcement of the agreement. The Court will consider awarding sanctions against Plaintiff for failure to comply with the terms of the settlement.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 25, 2025**            /s/ Erica P. Grosjean
                                                   UNITED STATES MAGISTRATE JUDGE