# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JUAN LLOYD,<br><br>        Plaintiff,<br><br>  v.<br><br>OCHOA,<br><br>        Defendant. | Case No. 1:23-cv-00844 JLT EPG (PC)<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S MOTION TO RESCIND THE SETTLEMENT AGREEMENT BE DENIED<br><br>(Docs. 33, 34, and 44) |

On December 19, 2024, Plaintiff filed two separate documents both named "Notice Rejecting December 12, 2024 Settlement Agreement and Demand for Jury Trial." (Docs. 33, 34). The assigned magistrate judge construed the filings as a motion to rescind the settlement agreement and, on March 25, 2025, issued findings and recommendations, recommending that the motions be denied. Specifically, the magistrate judge found that there was no legal basis for Plaintiff to rescind the settlement agreement.

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 30 days. (Doc. 44 at 7.) Plaintiff filed objections on April 4, 2025. (Doc. 45). Plaintiff filed an addendum to his objections on April 11, 2025. (Doc. 46).

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of the action. Having carefully reviewed the matter, including the objections and addendum, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Plaintiff's objections do not raise any arguments that call into question the magistrate judge's recommendation. Plaintiff again expresses disagreement with the settlement judge's assessment

that the retaliation claim had not been exhausted. (Doc. 45 at 2.) The Findings and Recommendations correctly explain that this argument does not provide basis for rescinding the settlement agreement. (Doc. 44 at 6 (explaining that under California law a party to a contract may rescind the contract if consent to the contract "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party.").) Plaintiff also seems to be asserting that the settlement judge's comment about exhaustion was wrong and/or misleading because the retaliation claim survived screening. (Doc. 45 at 2.) This objection is also without merit. First, the screening process is not designed to provide a definitive ruling on the issue of exhaustion. *See* 28 U.S.C. § 1915A(b)(2) (requiring the court to dismiss a covered complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seek[s] monetary relief from a defendant who is immune from such relief"). Thus, the screening order does not demonstrate that the settlement judge's stated opinion about exhaustion was wrong or misleading. Second, as the Findings and Recommendations indicate, "[w]hile Plaintiff may disagree with [the] opinion [offered by the settlement judge], [that disagreement] does not provide a legal basis to rescind the agreement, especially as that judge has no role in the parties' ongoing case." (Doc. 44 at 6–7.) Thus, the Court **ORDERS** that:

1. The Findings and Recommendations (Doc. 44) are **ADOPTED IN FULL.**
2. Plaintiff's motion to rescind the December 12, 2024, settlement agreement (Docs. 33, 34) are **DENIED**.
3. Plaintiff is ordered to comply with the terms of the settlement agreement as stated on the record, including signing the written settlement agreement, no later than 30 days after the date of this order.

///
///
///
///

4. If Plaintiff fails to do so, Defendant may file an appropriate motion seeking enforcement of the agreement. The Court will consider awarding sanctions against Plaintiff for failure to comply with the terms of the settlement.

IT IS SO ORDERED.

Dated: __May 16, 2025__

_____
UNITED STATES DISTRICT JUDGE